1ARMSTRONG, Judge.
In this consolidated personal injury suit, defendants Regional Transit Authority (the “RTA”), Transit Management of Southeast Louisiana and Linda Warren, an RTA bus driver, appeal a trial court judgment finding them liable for damages sustained by three plaintiffs, Antoinette Smith, Lillian Sanders and Rhonda Hutchinson. We now affirm.
*644 Smith, Sanders and Hutchinson were passengers in an RTA bus being operated by defendant Linda Warren on the evening of June 3,1992, when it was involved in a minor accident in the eastbound lanes of Interstate 10 near the North Claiborne Avenue exit in New Orleans. The bus came into contact with a tractor trailer truck being driven by Randal Hampton. The bus was being driven in the right-hand lane; the tractor-trailer was in the center lane. Hampton, the truck driver, testified that the bus veered into his lane of travel as it was coming onto the interstate. Hampton said after the accident the bus driver told him to just give her his name, driver’s license number, etc. and then he could leave. Hampton said he declined and waited for police. Hampton testified that if he had struck the bus as claimed by the bus driver his vehicle would have ripped the mirror off ofj^the bus. Instead, as testified to by the investigating officer, the mirror was pushed backward.
Warren, the bus driver, who was no longer employed by the RTA at the time of trial, did not testify. Two passengers who were on the bus at the time of the accident did testify. Bernetta Wade was seated behind the driver, facing toward the aisle. She testified she saw the shadow of the truck and could see the trailer out of the corner of her eye. She heard it “rubbing” against the bus, but did not actually see the contact. Shana Griffin, another passenger, testified that she never saw the bus move from the right lane into the center lane. She noticed the trailer “wiggling” and said it was not stable. Griffin did not say she saw the impact.
Sergeant Louis Colin, a New Orleans police officer who investigated the accident, testified that the accident occurred approximately two-tenths of a mile before the North Claiborne Avenue exit. The truck driver told him that the bus tried to avoid a vehicle entering the interstate and struck his truck. The bus driver told Sgt. Colin that the truck came into her lane and struck the mirror on the bus. She denied attempting to avoid a vehicle entering the interstate. Sgt. Colin said the damage was slight to both vehicles; the truck had slight marks on it and the bus only had its mirror pushed backward. Sgt. Cohn listed the truck’s “reason for movement” as “normal.” For the bus, he marked “other.” He indicated on his report that the driver of the truck had committed no violations. As to the bus driver, Sgt. Colin said there was a “good possibility” she had committed violations. He indicated on his report that she committed “other hazardous or unknown violations.”
RThe trial court found that the tractor-trailer was traveling in its lane of traffic “when the RTA bus came over into the middle lane.” The trial court stated: “[T]he [truck] driver was in a superior position to see which lane he was travelling in and accepts his credibility.”
Defendants-appellants claim the trial court erred in accepting the testimony of the truck driver because he testified that the bus entered the interstate at the entrance immediately before the North Claiborne Avenue exit. The evidence indicates that the bus normally gets on the interstate at Tulane Avenue, and got on it the day of the accident at that location. Defendants point out that the investigating officer testified that Hampton told him the bus came into his lane to avoid a vehicle which was entering the interstate. While Hampton testified on cross-examination that he did see a vehicle at about the time of the accident, he did not state that the bus was trying to avoid that vehicle and went into his lane of travel.
His testimony at trial might be considered somewhat inconsistent with what he told the investigating officer. However, in reviewing the correctness of the trial court’s finding of fault, we also note that the investigating officer essentially found as part of his investigation that the bus driver was the culpable party by finding that she had committed violations relating to the incident while the track driver had not.
This court’s function on appellate review is to determine whether the evidence was sufficient for the trial court’s factual findings, and whether those findings were clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*645 4In Rosell v. ESCO, supra, the Louisiana Supreme Court commented on the clearly erroneous standard as applied to factual findings based largely on the credibility of fact witnesses. The court stated:
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. (Citations omitted.)
549 So.2d at 844-845.
Considering all of the evidence, we are unable to say that the trial court was clearly wrong in finding that the bus veered into the truck’s lane of travel and, therefore, that the defendants were liable for the damages sustained by the three plaintiffs.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.